COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

MICHAEL DAVID HILLMAN
 a/k/a WAYNE SCOTT SELMAN

v.        Record No. 2194-93-4        MEMORANDUM OPINION[*] BY
                                   JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                MAY 16, 1995

          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Frank A. Hoss, Jr., Judge

          Denise Jakabcin Tassi for appellant.

          Kathleen B. Martin, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Michael David Hillman (appellant) was convicted in a jury
trial of distribution of heroin in violation of Code § 18.2-248
and felony murder in violation of Code § 18.2-33.  On appeal, he
argues that the trial court erred in:  (1) failing to strike or
excuse a juror distracted by a work deadline; (2) finding the
evidence sufficient to support his felony murder conviction as an
accessory before the fact; (3) finding a causal link between his
sale of the heroin and the death of the victim; and (4) denying
his motion for a new trial filed more than twenty-one days after
the final order.  For the reasons that follow, we affirm the
trial court.

                        **BACKGROUND**

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On January 31, 1993, appellant bought ten bags of high grade heroin in Washington, D.C. for his own use and for sale to others.  At 7:30 p.m., Willie Ordonez (Ordonez) called Suzann Szabolsoky (Szabolsoky) and requested to buy heroin.  Szabolsoky contacted appellant, and appellant sold her a bag of heroin at 9:00 p.m. at her house.  Appellant, who stayed only a few minutes, left before Ordonez arrived.  Yvonne Johnson (Johnson) heard Szabolsoky tell appellant that the heroin was for Ordonez, and appellant warned her to tell Ordonez "to take it easy because [the heroin was] some powerful stuff."  Thirty to forty-five minutes later, Szabolsoky sold the heroin to Ordonez; gave him some cotton, which is used for injecting heroin; and left him in the kitchen with a syringe.  After fifteen minutes, Ordonez went into the living room, drank a beer, fell asleep on her sofa, and died.  The cause of death was morphine poisoning.[1]

### FAILURE TO STRIKE JUROR

Appellant argues that the trial court erred in refusing to: (1) strike Juror Martin for cause, and (2) in the alternative, excuse her under Code § 8.01-341.2.[2]  Juror Martin testified that

---

[1] The evidence established that heroin changes into morphine within five minutes of being ingested and that morphine can stay in a person's system for as long as overnight.

[2] Code § 8.01-341.2 provides, in pertinent part, that:

> The court, on its own motion, may exempt
> any person from jury service for a particular
> term of court, or limit that person's service
> to particular dates of that term, if serving
> on a jury during that term or certain dates
> of that term of court would cause such person

2

she had a work deadline and would be distracted during the trial, but that she would "make an attempt" to give the trial her attention.

"Upon appellate review, we must give deference to the trial court's decision whether to exclude or retain a prospective juror because the trial court 'sees and hears the juror;' accordingly, the trial court's decision will be disturbed only upon a showing of manifest error."  Weeks v. Commonwealth, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994) (quoting Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990), cert. denied, 502 U.S. 824 (1991)).

The trial judge did not abuse his discretion in refusing to strike Juror Martin for cause.  Her work concerns were of no greater concern than most jurors.  See Mu'Min v. Commonwealth, 239 Va. 433, 444-45, 389 S.E.2d 886, 893-94 (1990).  She indicated that she would try to give the trial her attention and that she recognized its importance.

Appellant's argument that the trial judge should have excused the juror pursuant to Code § 8.01-341.2 is barred on appeal because he did not present it to the trial court.  Rule 5A:18.  Even if we addressed this issue, the trial judge clearly had discretion under Code § 8.01-341.2.

### SUFFICIENCY OF THE EVIDENCE

Appellant next argues that the evidence was insufficient to

---

a particular occupational inconvenience.

support his conviction as an accessory before the fact for felony murder because no evidence proved that he was a contriver, instigator, or advisor to Szabolsoky.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted). "[T]he weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

In McGhee v. Commonwealth, 221 Va. 422, 270 S.E.2d 729 (1980), the Supreme Court of Virginia determined that:

> in the trial of an accessory before the fact the Commonwealth [must] establish the following elements beyond a reasonable doubt: the commission of the crime by the principal, the accessory's absence at the commission of the offense, and that before the commission of the crime, the accessory was "in some way concerned therein . . . as [a] contriver, instigator or advisor."

Id. at 425-26, 270 S.E.2d at 731 (footnotes omitted) (quoting Tolley v. Commonwealth, 216 Va. 341, 348, 218 S.E.2d 550, 555 (1975)). Only the third prong of this test is at issue in this case. In further defining the third element, the Court stated

4

that:

> [a]n instigator of a crime is an accessory before the fact even though he or she did not participate in the planning of the crime or even though unaware of the precise time or place of the crime's commission or of the precise method employed by the principal. . . .
>
> . . . [T]he accused must either know or have reason to know of the principal's criminal intention and must intend to encourage, incite or aid the principal's commission of the crime.

McGhee, 221 Va. at 427, 270 S.E.2d at 732 (footnote and citation omitted).

In this case, the jury believed the testimony of the Commonwealth's witnesses that: (1) appellant sold the heroin to Szabolsoky; (2) he knew that she planned to resell the drugs to Ordonez; and (3) he cautioned Szabolsoky that the heroin was "some powerful stuff." Thus, the evidence established that appellant knew of Szabolsoky's criminal intention and aided her by supplying the heroin for resale to Ordonez.

## FELONY MURDER CAUSATION

Appellant further argues that no evidence linked his distribution of the heroin to Ordonez's death.

"While the felonious distribution of drugs is obviously embraced by the statute, it will suffice as the predicate 'initial felony' necessary to felony-murder only 'where the killing is so closely related . . . in time, place, and causal connection as to make it a part of the same criminal

5

enterprise.'"  Talbert v. Commonwealth, 17 Va. App. 239, 245, 436 S.E.2d 286, 289 (1993) (quoting Haskell v. Commonwealth, 218 Va. 1033, 1044, 243 S.E.2d 477, 483 (1978)).  The homicide must be "within the res gestae of the initial felony and . . . an emanation thereof."  Berkeley v. Commonwealth, 19 Va. App. 279, 286, 451 S.E.2d 41, 45 (1994).  "[T]he fact finder must determine in each case if the underlying felony has been completed, terminated, or abandoned for purposes of this element."  Talbert, 17 Va. App. at 245, 436 S.E.2d at 290.

When a conviction is based on circumstantial evidence, the Commonwealth's evidence "'must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.'"  Feigley v. Commonwealth, 16 Va. App. 717, 724, 432 S.E.2d 520, 525 (1993) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)).  The Commonwealth met its burden in this case.  The evidence established that:  (1) appellant sold the heroin to Szabolsoky at 9:00 p.m.; (2) appellant knew she was going to resell the heroin to Ordonez and warned her of the strength of the drugs; (3) thirty to forty-five minutes later, she sold the heroin to Ordonez; (4) Ordonez remained in her kitchen with the bag of heroin and cotton, which is used for injecting heroin; and (5) Ordonez fell asleep on her sofa and died.  The Commonwealth proved an unbroken chain of events leading from appellant's sale of the heroin to Ordonez's death.

## MOTION FOR A NEW TRIAL

Appellant argues that the trial court erred in denying his motion for a new trial because the court had jurisdiction to hear the motion under Code § 19.2-303.[3]

The final sentencing order was entered on October 27, 1993, and the motion was filed on January 18, 1994, more than twenty-one days after entry of the final order. The trial court correctly found that Rule 1:1 precluded a hearing on appellant's motion. See Mueller v. Commonwealth, 15 Va. App. 649, 653, 426 S.E.2d 339, 341 (1993).

Appellant's argument that Code § 19.2-303 gave the court jurisdiction to hear the motion is without merit. Code § 19.2-303 applies to a request for sentence modification when a prisoner has not been transferred to the department of corrections rather than a request for a new trial.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

---

[3]Code § 19.2-303 provides, in pertinent part, that:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.